**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NOOR AFGAN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-26-1067-HE |
| | ) |
| MARKWAYNE MULLIN et al., | ) |
| | ) |
|     Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner Noor Afgan, a noncitizen, proceeding without counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). United States District Judge Joe Heaton referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). *See* ECF No. 3. For the following reasons, the undersigned recommends the Court dismiss the Petition without prejudice based on Petitioner's failure to follow the Court's rules and orders.

On May 14, 2026, the Court concluded that Mr. Afgan did not sign the Petition and had neither paid the filing fee in accordance with § 1914 and LCvR3.2 nor submitted a motion for leave to proceed *in forma pauperis*. Petitioner was ordered to cure the identified deficiencies no later than May 28, 2026. *See* ECF No. 4 and (Court only) entry dated May 14, 2026.

A review of the Court file indicates that as of this date, the Petitioner has failed to comply, cure the deficiencies, show good cause for his failure to do so, or request an extension of time to comply with the Court's order. In fact, Petitioner has not responded to the Court's orders in any way. Further, there is no indication from the docket that

Petitioner did not receive the Court's previous Order which was mailed to Petitioner's address of record. *See Id*. To date, the Postmaster has not returned the mail as undeliverable. "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4. No additional filings have been received by the Court.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action if the petitioner "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Courts have consistently interpreted this rule to permit sua sponte dismissal. *Huggins v. Sup. Ct. of the U.S.,* 480 F. App'x 915, 916-17 (10th Cir. 2012); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (*quoting Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002))). And if dismissal is without prejudice, the court may dismiss without attention to the non-exhaustive list of factors that, by contrast, must inform a dismissal with prejudice. *AdvantEdge Bus. Grp.,* 552 F.3d at 1236 & n.2. Mr. Villazon appears *pro se*, but he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.,* 507 F.3d 1246, 1247 n.1 (10th Cir. 2007) (holding a pro se litigant "to the same rules of procedure as other litigants"). The undersigned finds that Mr. Afgan's failure to comply with this Court's orders and rules, together with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (noting Rule 41(b) permits courts "to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedures or court's orders"); *Link v. Wabash*

*R.R. Co.,* 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution).

### RECOMMENDATION

Based on the foregoing findings, it is recommended that this action be **DISMISSED without prejudice** for Petitioner's failure to comply with this Court's orders. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **June 25, 2026**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on June 8, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE