**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **NOOR AFGHAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1067-HE** |
| | ) | |
| **MARKWAYNE MULLIN et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Noor Afghan, a noncitizen[1] and Afghani national proceeding *pro se*, filed a Petition for Writ of Habeas Corpus challenging his detention by U.S. Immigration and Customs Enforcement (ICE) under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge Joe Heaton referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a Motion to Dismiss, but Petitioner did not respond. (ECF No. 11). For the reasons set forth below, the undersigned recommends the Court **GRANT** Respondents' motion and **DISMISS** the Petition.[2]

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] In support of the Motion to Dismiss, Respondents have relied on evidence outside of the Petition. *See* ECF Nos. 11-1 through 11-9. If the Court were to consider the evidence in adjudicating the substrative merits of Petitioner's claims, the undersigned could construe the motion as a Response or convert it to a motion for summary judgment, allowing Petitioner an opportunity to respond. *See* Fed. R. Civ. P. 12(d), 81(a)(4)(A); *see also Alloway v. Jordan*, 69 F. App'x 431, 433 (10th Cir. July 7, 2003) (discussing conversion of a motion to dismiss in a habeas proceeding). But here, the undersigned is only considering the evidence in the factual background section of the recommendation to provide context to Mr. Afgan's Petition and is not considering the evidence in resolving the merits of the claims, resulting in no prejudice to Petitioner. *See infra*.

## I. PROCEDURAL BACKGROUND AND PETITIONER'S CLAIMS

Neither party provides information regarding when and under what circumstances Petitioner entered the United States, but Respondent presents evidence stating that on September 2, 2021, Petitioner was paroled into the United States in Washington, D.C., pursuant to Operation Allies Refuge, with the parole terminating September 1, 2025. (ECF Nos. 11-1:2 & 11-2). On March 2, 2026, Petitioner pled guilty to sexual battery in Tulsa County, Oklahoma, and the Court sentenced Petitioner to a ten year suspended sentence. *See* ECF No. 11-3.

On March 4, 2026, ICE officials served Petitioner with a Form I-200, Warrant for Arrest of Alien and the contents of the Warrant were read to him in the Pashto language. (ECF No. 11-1:3 & 11-4). That same day, ICE officials placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the

---

Additionally, the general rule prohibiting courts from considering evidence outside the complaint on a motion to dismiss has another exception: "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Judicial notice allows the court "to accept a matter as proved without requiring the party to offer evidence of it." *United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (citation modified). And taking judicial notice "preclude[s] a party from introducing contrary evidence and, in effect, direct[s] a verdict against him as to the fact noticed." *United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002) (citation omitted).

Federal Rule of Evidence 201 governs judicial notice. Rule 201(b) allows courts to judicially notice two types of facts: those that (1) are "generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." These kinds of facts are judicially noticeable because they are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Here, the evidence cited in Section I consists of documents which are part of Mr. Afgan's A-file. *See* ECF Nos. 11-1 through 11-9. And the Tenth Circuit Court of Appeals has held that "courts can take judicial notice of court records in related proceedings," which applies here. *Fuqua v. Santa Fe Cnty. Sheriff' Office*, 157 F.4th 1288, 1298 (10th Cir. 2025) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i) as someone who entered the United States without proper entry or other travel documents. (ECF Nos. 11-4 & 11-6). On March 27, 2026, an Immigration Judge ordered Petitioner removed and both parties waived any appeal, rendering the removal order administratively final that day. *See* ECF No. 11-7; *see also* 8 C.F.R. § 1241.1; 8 U.S.C. § 1101(a)(47)(B).

On May 11, 2026, while in ICE custody and detained at the Cimarron Correctional Facility, Mr. Afgan filed a habeas Petition, arguing: (1) his arrest without notice "of the reasons for revocation" violated 8 C.F.R. 241.4(l) and (2) that his arrest without being served a copy of the arrest warrant violated the Immigration and Nationality Act (INA) Sections 236 & 287. (ECF No. 1:7). As relief, Petitioner asks the Court to immediately release him from custody under an Order of Supervision. (ECF No. 1:8). On June 29, 2026, Petitioner was afforded a custody determination hearing at which it was determined that he should remain in custody because he presented a flight risk and his removal was likely to occur in the reasonably foreseeable future. (ECF No. 11-9). Petitioner is currently detained in the Cimarron Correctional Facility.[3]

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he primary federal habeas corpus statute, 28 U.S.C. § 2241, confers

[3] As of September 22, 2026, Petitioner no longer appears in the Online Detainee Locator System. However, the Notice filed by the Respondent on September 16, 2026, reports Petitioner remains detained in the Cimarron Correctional Facility. *See* ECF No. 12.

jurisdiction upon the federal courts to hear . . . challenges to the lawfulness of immigration-related detention." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

Additionally, the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are applicable to habeas petitions brought under § 2241. Habeas Rule 1(b); *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005). To the extent they are not inconsistent with an applicable statutory provision or the Section 2254 Rules, the Federal Rules of Civil Procedure apply to habeas corpus proceedings. Rule 12, Section 2254 Rules; Fed. R. Civ. P. 81(a)(4). "A court examines a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)(6)." *Walsh v. Boncher*, 652 F. Supp. 3d 161, 164 (D. Mass. 2023) (internal quotation marks and citations omitted).

Rule 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." To state a claim, the allegations of a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court's function on a Rule 12(b)(6) motion is not to weigh the potential evidence but to assess whether the pleading is legally sufficient. The court must accept a complaint's well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). To withstand a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). This requires "more than a sheer

possibility that a defendant has acted unlawfully." *Id.* A complaint must nudge its claims "'across the line from conceivable to plausible.'" *Id.* at 683 (quoting *Twombly* at 570).

## III. GROUND ONE

In Ground One, Petitioner argued: (1) his arrest without notice "of the reasons for revocation" violated 8 C.F.R. § 241.4(l). (ECF No. 1:7). The Court should dismiss Ground One for failure to state a claim.

8 C.F.R. § 241.4(l) provides specific revocation guidelines for certain classes of aliens who had been released into the interior of the United States under an Order of Supervision or "other conditions of release" after the removal period. *See* 8 C.F.R. § 241.4 & 241.5. But Mr. Afgan filed his habeas Petition during the removal period. *See* ECF No. 1. On these facts, the Court should find that the notice requirements of Section 241.4(l) do not apply to Petitioner and the Court should dismiss Ground One for failure to state a claim.

## IV. GROUND TWO

In Ground Two, Petitioner argues that he was not served with a copy of the arrest warrant in violation of the INA, Sections 236 and 287. *See supra*. Again, the Court should find that Petitioner has failed to state a claim for relief.

Regarding a warrant of arrest for a non-citizen, Section 236 provides: "At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [non-citizen] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1). And while Section 287 identifies the authority for issuing and executing a warrant, this section does not, by itself, establish a service requirement. *See* 8 C.F.R. § 236. Thus, the Court should

dismiss Ground Two for failure to state a claim, as there is no statutory authority requiring service of the warrant on the non-citizen.

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT** the Motion to Dismiss and **DISMISS** the habeas Petition.[4]

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than September 29, 2026. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 29, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

---

[4] Nothing in this Report and Recommendation prevents Petitioner from realleging any claim if he remains detained into the post-removal period in violation of the law.